UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE L. D.,

                Plaintiff,

   v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations

                Defendant.

Case No. 3:18-cv-05099-TLF

ORDER AFFIRMING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff appeals the Commissioner's denial of her application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

On May 8, 2015, plaintiff applied for disability insurance benefits, alleging she became disabled beginning November 22, 2014. Dkt. 6, Administrative Record (AR) 15. The

ORDER AFFIRMING THE COMMISSIONER'S DECISION
TO DENY BENEFITS - 1

Commissioner denied her application on initial administrative review and on reconsideration. *Id.*

Following a hearing, an administrative law judge ("ALJ") employed the Commissioner's five-step sequential evaluation process to find plaintiff could perform other jobs existing in significant numbers in the national economy at step five of that process, and therefore that she was not disabled at that step. AR 15-23.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred in discounting her credibility concerning her subjective complaints. For the reasons set forth below, the Court disagrees that the ALJ erred as alleged, and therefore affirms the ALJ's decision.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

The ALJ is responsible for determining credibility, and for resolving any conflicts or ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). If more than one rational interpretation can be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Trevizo*, 871 F.3d at 674-75. That is, where the evidence is sufficient to support more than one outcome, the Court uphold the decision the ALJ made. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court,

however, may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports, and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* at 1010. Rather, only the reasons the ALJ identified are considered in the scope of the Court's review. *Id.*

## DISCUSSION

Unless there is "affirmative evidence" of malingering, *Garrison*, 759 F.3d at 1015, the ALJ may discredit a claimant's symptom testimony "only by offering specific, clear and convincing reasons for doing so." *Trevizo*, 871 F.3d at 678. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting (*Lester*, 81 F.3d at 834). In doing so, the ALJ may use "ordinary techniques of credibility evaluation," such as inconsistencies in the claimant's statements or between the claimant's statements and conduct, unexplained or inadequately explained failure to seek or follow treatment, and the claimant daily activities. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

The credibility determination is not an examination of the claimant's overall "character", but rather an assessment of the claimant's testimony and other statements "designed to 'evaluate the intensity and persistence of symptoms after." *Trevizo*, 871 F.3d at 678 n.5 (warning that the inquiry should not "delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness") (quoting and citing SSR 16-3p, 2017 WL 5180304).

The ALJ discounted plaintiff's credibility because "[t]he medical records do not reveal any twelve-month period of disabling impairments."[1] AR 19. An ALJ may discount a claimant's testimony on the basis that it is unsupported by objective medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Plaintiff does not challenge this basis for finding her to be less than fully credible, and the record supports it. *See* AR 382-87.

Plaintiff contends the ALJ provided only one other reason for discounting her testimony -- inconsistency with her daily activities -- and that reason is not supported by the record. *Burch*, 400 F.3d at 680 (an ALJ may not discount claimant testimony solely on the basis that it is not supported by objective medical evidence).

"Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). An ALJ also may rely on a claimant's daily activities to discount the claimant's credibility if the claimant is able to spend a substantial part of his or her day engaged in activities that are transferable to a work setting. *Id.*

The ALJ found that despite her "drastic" complaints that she cannot independently tend to her daily activities, plaintiff attended school while receiving unemployment benefits, which indicated that she "likely held herself out as intending to return to work when she completed her education." AR 20. But the record does not clearly show plaintiff's school attendance involved activities that are transferrable to a work setting. AR 50, 55-57. Plaintiff testified that she was able to attend school online from her home and proceed at her own pace, and that there were "a few quarters where [she] barely passed." AR 56-57. Nor can such "attendance" necessarily be considered to be inconsistent with plaintiff's other testimony.

---

[1] *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (a claimant must show he or she has a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for continuous period of not less than twelve months).

The Court agrees the ALJ also erred in relying on plaintiff's receipt of unemployment benefits. Receiving unemployment benefits "can undermine a claimant's alleged inability to work fulltime." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008). But where, as here, the record does not show plaintiff held herself out as being available for full-time work, this is not a valid basis for discounting her testimony. *Id.*

Plaintiff is incorrect that the ALJ provided no other legitimate basis for discounting her credibility. The ALJ pointed to the "extremely minimal" treatment notes for the relevant time period – the period after plaintiff's alleged onset date of disability. AR 20; *see also* AR 19 (noting the "minimal records" from early 2015), 279, 281, 283-90, 365, 375; *Burch*, 400 F.3d at 681 (the fact that the claimant's pain was not sufficiently severe to motivate her to seek treatment, even if she had sought some treatment, was powerful evidence regarding the extent to which she was in pain).

Even if some of the reasons for discounting a claimant's credibility are improper, this does not render an ALJ's credibility determination invalid, so long as that determination is supported by substantial evidence in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (while one of the ALJ's reasons was improper, he presented other valid reasons, each with "ample support in the record").

Here, the ALJ provided at least two valid reasons for discounting plaintiff's credibility: inconsistency with the objective medical evidence and lack of consistent treatment. The ALJ thus did not err in finding plaintiff not fully credible.

## CONCLUSION

The ALJ did not err in discounting plaintiff's credibility; the Commissioner's decision to

deny benefits is AFFIRMED.

Dated this 19th day of December, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge